PETER FOX ET AL., APPELLEES, V. KOUNTZE BROTHERS ET AL., APPELLANTS.

FILED APRIL 6, 1899. No. 8812.

1. School Districts: TAXATION: ACTION BY TAXPAYER. A taxpayer who has voluntarily paid taxes levied at the instance, and for the benefit, of one school district cannot maintain an action to compel the county treasurer to hold such taxes for the benefit of another school district.

2. Taxation: UNLAWFUL LEVY: INJUNCTION. A court of equity has power to enjoin the taxing authorities from making an unlawful levy which will result in casting a cloud upon land titles; but such power will not be exercised where it does not appear that such a levy is either threatened or contemplated.

APPEAL from the district court of Adams county. Heard below before BEALL, J. *Reversed.*

*Reavis & Reavis* and *A. H. Bowen,* for appellants.

*M. A. Hartigan, contra.*

SULLIVAN, J.

The appellees, for themselves and others similarly situated, commenced this action in the district court against the appellants and obtained the judgment which is now before us for review. The material facts disclosed by the record are these: In 1873 school district 34 of Adams county was duly organized, and has ever since existed as a public corporation. A portion of its territory, by reason of a readjustment of county boundaries, now lies in Hall county and is there known as district 21. This fact, however, is of no importance in the case and the district

will hereafter be referred to by its original designation. In order to obtain money with which to build a school-house the district, soon after its organization, issued two interest-bearing bonds for the sum of $500 each. These bonds were sold to Kountze Bros., who, in 1878, recovered a judgment upon them for the sum of $1,258.98 in an action brought against school district 34. In November, 1874, a portion of the territory belonging to district 34 was lawfully detached therefrom and, with other contiguous territory, erected into a new school district, which is known as district number 52 of Adams county. There was no division of property or liabilities. District 34 retained the old schoolhouse and district 52 built a new one with the proceeds of bonds issued by it for that purpose. To raise funds with which to pay a balance yet remaining due on the Kountze judgment the county board of Adams county, in 1892, levied a tax of twenty mills upon all the property within the original boundaries of school district 34. The plaintiffs are resident taxpayers of that portion of district 52 which was detached from district 34. They have voluntarily paid the tax charged against their property for the satisfaction of the Kountze judgment, and the money thus paid is now in the hands of the county treasurer. To keep it there until a final decree should be rendered an injunction was granted at the beginning of the suit. The specific purposes for which the action was instituted are clearly stated in the brief of plaintiffs' counsel. After denying that the petition was framed with a view of recovering the money in the hands of the treasurer he proceeds to say: "Appellees are not seeking a recovery, but are asking that the money taken from the taxpayers be retained for the benefit of district 52; that they be protected against future levies for this unlawful and unauthorized purpose. This was the relief sought—and the money collected should be applied for the benefit of the territory where it was raised." The trial court made no final disposition of the money in question, but did perpetually

enjoin the payment of any portion of it to Kountze Bros. The decree also restrained the taxing authorities of Adams county from making any future levy to satisfy the judgment against district 34. Both by demurrer and answer the defendants challenged the sufficiency of the petition to entitle the plaintiff to any equitable relief, and they now insist that no case has been made of which a court of equity can take cognizance. We think they are clearly right. The money raised by the twenty-mill levy was voluntarily paid. The plaintiffs do not claim that they are entitled to recover it back, but contend that it should be held by the treasurer for the benefit of district 52. But this district, it is evident, has neither a legal nor equitable title to the money. The tax was not laid at its instance nor for its benefit, but at the instance and for the benefit of district 34. Besides, the plaintiffs have no commission authorizing them to champion the cause of district 52. They cannot act as its guardian and invoke the action of the court in its behalf. It is a corporation endowed by law with ample capacity to act for itself and assert its rights at such time and in such manner as its officers may deem proper. It was made a party to the action, but its answer is not in the record, and we are, therefore, not informed as to its attitude toward the proceeds of the tax in the hands of the county treasurer. We know, however, that it does not complain of the decree, which fails to enforce any claim which it may have asserted.

Are the plaintiffs entitled to a decree protecting them from future levies? Not unless future levies are threatened by the taxing authorities; and upon this question the record is entirely silent. It is not alleged that any further levy upon the property of plaintiff is contemplated by any one; and it does not appear from the evidence that a levy upon any property will be necessary to satisfy the Kountze judgment. It is quite apparent that plaintiffs' lands in Kenesaw precinct are not at present overcast, or seriously threatened, by any cloud which the

county board or other officials of Adams county intend to create in the interest of either Kountze Bros. or district 34. The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.